### Albert Bozanno v. The State.

#### No. 868. Decided December 7, 1910.

**1.—Murder—Evidence—Undisclosed Motive of Deceased.**

Where, upon trial of murder, the testimony as to the movements of deceased was simply explanatory of his presence at the place where he was killed, and was a mere matter of inducement, the rule of undisclosed motive of the deceased does not apply.

**2.—Same—Charge of Court—Insanity—Judgment.**

Where, upon appeal from conviction of manslaughter, it appeared from the record that no judgment of lunacy had been introduced in evidence on the trial, the objection to the court's failure to charge the jury that a judgment of lunacy is prima facie evidence of the recitals therein, could not avail defendant upon appeal, and there was no error.

**3.—Same—Misconduct of Jury.**

Where, upon appeal from a conviction of manslaughter, the appellant's complaint of the misconduct of the jury was not verified in the record, the same could not be considered.

Appeal from the District Court of Orange. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—In this case appellant was convicted in the District Court of Orange County on May 21, 1909, on an indictment charging him with murder, of the offense of manslaughter, and his punishment was assessed at confinement in the penitentiary for a period of three years.

The evidence showed a killing utterly without excuse, and there seems to be no occasion or necessity to set out here the facts. The defense relied on was that of insanity. There are no bills of exception in the record, and the motion for new trial raises but few questions, all of which we will now notice.

1. The first is that the court erred in permitting the witness, Mrs. Albert Dunlap, over the objection of defendant, to testify as to

the movements and actions of the deceased, Denny Harris, on the day of the homicide and prior thereto, because said actions and movements were not in the presence of appellant and there was no testimony showing that he had any knowledge of said actions and movements of Denny Harris, and appellant could not be charged with the knowledge of such movements and the causes thereof. This witness testified in substance that deceased left her house about 11:30 o'clock the morning he was killed; that he came by where she was stopping with her daughter; that he had a lead horse; that he stated he was going out to George Foreman's to take the horse there, and that he was going to the next house to get a saddle. This, it appears from the statement of facts, was objected to for the reason that appellant was not present and the movements of Harris on that day can not be charged to him and is no evidence against him. The testimony was explanatory of the presence of the deceased at the place where he was killed, which was quite a distance from the place where his mother saw him, and was a mere matter of inducement. The cases in which the actions, declarations and intentions of a decedent are held not to be admissible against a defendant who has no notice of them, has always been limited to cases where the issue of self-defense arose in the case, and where such acts and movements of the deceased could be held to be hostile in their character, and where such defendant had a right to act upon an apparent hostile movement towards him which might, if the rule permitted it, be shown to be in fact innocent. It can have, we think, no application to such a case as this, and the objection is wholly untenable.

2. The next two grounds of the motion for new trial are in substance that the court failed to charge the jury that the judgment of lunacy introduced in evidence was prima facie evidence of the recitals therein contained, which recitals it was incumbent upon the State to rebut by legal evidence, and that the court erred in failing to charge the jury the presumption arising from said judgment of insanity, the legal presumption for said adjudication being that insanity continued until such presumption was overcome by legal evidence. It becomes unnecessary to pass on these contentions and issues for the reason that by reference to the statement of facts we find that no judgment pronouncing appellant insane was admitted in evidence. On this question the record shows the following: Mr. C. L. Goodman, the district clerk of Orange County, was introduced, who said in substance that he was in possession of the records of the County Court of Orange County, and was in possession of the records of July 3, 1905, of the County Court, which records he then had with him. The following is then the literal statement of the record as contained in the statement of facts: "This is a case wherein Albert Bozanno is the defendant. It is found on page 58 of Book G, which reads as follows: 'State of Texas vs. Albert Bozanno, Orange County, July 1, 1905,' etc. For copy of said record see exhibit attached

hereto marked 'A' and made a part of this record on page ——." There is some general reference to the fact that appellant had been in the asylum and had been discharged therefrom, but except as found in the above there is no evidence of any judgment of lunacy against him. We think in this condition of the record it can not be held that we should reverse the case on account of the failure of the court to charge the jury in respect thereto.

3. The only other ground of the assignment relates to the misconduct of the jury. This is not verified by any bill of exceptions, nor do the facts in respect thereto appear in the record. In this condition of the record it is evident that we cannot review this question.

Finding no error in the record, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*